# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

HENDERSON, HECTOR,

    Petitioner,

v.

CRAIG A. LOWE, WARDEN,

    Respondent.

NO. 3:18-CV-0570

(JUDGE CAPUTO)

## MEMORANDUM

Presently before me is the Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (Doc. 1) filed by Petitioner Hector Henderson ("Petitioner"). For the reasons that follow, the petition will be denied as moot and without prejudice to Petitioner filing a separate action to challenge the bond determination by the Immigration Judge ("IJ").

## I. Background

Petitioner is a citizen and native of Jamaica. (*See* Doc. 8, Ex. "1", 3). Immigration and Customs Enforcement ("ICE") records do not indicate that Petitioner was ever lawfully admitted into the United States. (*See id*.). From 1997 to 2014, Petitioner was convicted of various criminal offenses. (*See id*. at 3-4).

On April 25, 2017, Petitioner was served with a Notice of Intent to Issue a Final Administrative Order of Removal as a result of his commission of an aggravated felony. (*See* Doc. 8, Ex. "2"). In response, Petitioner provided a sworn statement conveying a fear of return to Jamaica. (*See* Doc. 8, Ex. "3"). Petitioner's application for protection under the Convention Against Torture was denied by an IJ on October 5, 2017. (*See* Doc. 8, Ex. "4"). Petitioner's appeal of that decision was denied by the Board of Immigration Appeals ("BIA") on March 20, 2018. (*See* Doc. 8, Ex. "5").

Petitioner then filed a petition for review with the United States Court of Appeals for the Third Circuit. *See Henderson v. Att'y Gen. of United States*, 18-1713

(3d Cir.) (docket sheet, available at https://ecf.ca3.uscourts.gov) (last visited Oct. 24, 2019). The Third Circuit granted Petitioner's motion for stay of removal on May 31, 2018. *See id*. Petitioner's case remains pending in the Third Circuit, but it was submitted on the briefs on February 19, 2019. *See id*.

On March 12, 2018, Petitioner submitted the instant petition pursuant to 28 U.S.C. § 2241. (*See* Doc. 1, *generally*). Respondent opposed the petition. (*See* Doc. 8, *generally*). Petitioner filed a traverse contending that he was entitled to an individualized bond hearing before an IJ. (*See* Doc. 10, *generally*). On May 31, 2019, Respondent provided notice that Petitioner was considered for bond under *Guerrero-Sanchez v. Warden York Cty. Prison*, 905 F.3d 208 (3d Cir. 2018) on January 3, 2019. (*See* Doc. 12, *generally*). The IJ denied bond, finding that the Government established by clear and convincing evidence that Petitioner is a danger to the community and a flight risk. (*See* Doc. 12, Exs. "2", "4").

## II. Legal Standard

Under 28 U.S.C. § 2241(c), habeas relief may be extended to a prisoner only when he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A federal court has jurisdiction over such a petition if the petitioner is "in custody" and the custody is allegedly "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490, 109 S. Ct. 1923, 104 L. Ed. 2d 540 (1989). As Petitioner is currently detained within this Court's jurisdiction, by a custodian within the Court's jurisdiction, and asserts that his continued detention violates due process, this Court has jurisdiction over his claims. *Spencer v. Kemna*, 523 U.S. 1, 7, 118 S. Ct. 978, 140 L. Ed. 2d 43 (1998); *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 494-95, 500, 93 S. Ct. 1123, 35 L. Ed. 2d 443 (1973); *see also Zadvydas v. Davis*, 533 U.S. 678, 699, 121 S. Ct. 2491, 150 L. Ed. 2d 653 (2001).

## III. Discussion

Petitioner's § 2241 will be denied as moot. Specifically, the present petition

addresses his failure to receive an individualized bond hearing. (*See* Doc. 1, *generally*; Doc. 10, *generally*). Petitioner, however, has since been granted such a hearing before an IJ. (*See* Doc. 12, Exs. "2", "4"). As a result, "Petitioner has received the relief he sought in his petition." *Nelson v. Lowe*, No. 18-307, 2019 WL 3764633, at *2 (M.D. Pa. June 7, 2019). The petition is therefore moot, but it will be denied without prejudice to Petitioner's right to file a separate action challenging the IJ's bond determination if he so chooses. *See id*. (citing *Mustapha v. Doll*, No. 18-cv-1853 (M.D. Pa. May 17, 2019) (denying a petition for a writ of habeas corpus seeking an individualized bond hearing as moot and without prejudice to the petitioner's right to file a separate habeas action challenging the bond determination upon learning that the petitioner had already had bond hearings); *Martinez-Nieto v. Doll*, No. 4:17-cv-1181, 2019 WL 2078791, at *5 (M.D. Pa. Mar. 26, 2019) ("Since [the petitioner] has received the initial relief he sought in the petition, in that he was provided the bond hearing which he sought, and any remaining legal issues in this case now involve the entirely separate issue of whether the discretionary denial of bond for this illegal alien and criminal recidivist offended due process, the current petition should be denied at this time, without prejudice to [the petitioner] pursuing further federal habeas corpus relief in light of the changed legal landscape in his case."), *report and recommendation adopted by* 2019 WL 2074583, at *1 (M.D. Pa. May 10, 2019)).

## IV. Conclusion

For the above stated reasons, the § 2241 petition will be denied as moot and without prejudice to Petitioner filing a separate action to challenge the bond determination by the IJ if he elects to do so.

An appropriate order follows.

October 25, 2019 /s/ A. Richard Caputo
Date A. Richard Caputo
United States District Judge